UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOBY DOUGLAS, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE CALIROFNIA DEPARTMENT OF HEALTH CARE SERVICES,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS; DOES 1-5<br><br>Respondents,<br><br>PARENTS ON BEHALF OF STUDENT J.C.; CUPERTINO UNION SCHOOL DISTRICT; SANTA CLARA COUNTY OFFICE OF EDUCATION,<br><br>Real Parties in Interest. | Case No. C-13-05306-RMW<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Re Docket No. 15] |

Petitioner Toby Douglas, in his official capacity as director of the California Department of Health Care Services ("Department"), filed a petition for writ of administrative and ordinary mandamus with the Superior Court of Santa Clara County. Dkt. 4, Petition in No. 1-13-CV-253548. Parents of J.C. ("Parents"), the real parties in interest, filed a Notice of Removal, Dkt. No. 1, and the

ORDER
Case No. C-13-05306-RMW
LM

- 1 -

Department now moves to remand the case to state court, Dkt. No. 15.  After reviewing the parties' papers and hearing oral argument on the matter, the court denies the motion to remand.

## I. BACKGROUND

Parents, on behalf of student J.C., filed a Special Education Due Process Complaint against the Department and the Santa Clara County Office of Education and the Cupertino Union School District, the two local education agencies ("LEAs") responsible for ensuring that J.C. receives a free appropriate public education.  Special Education Due Process Complaints initiate administrative hearings to determine whether a child is receiving a "free adequate public education" ("FAPE") pursuant to the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. § 1415; Cal. Educ. Code § 56500 *et seq*. After hearing three days of testimony, an administrative law judge ("ALJ") of the California Office of Administrative Hearings ("OAH") concluded that it is medically necessary for J.C. to receive 45 minutes of occupational therapy, individually, once per week. Dkt. 4 at 45, ALJ Order at 30.  The ALJ also ordered the Department to reimburse Parents for individual medical assessments and to provide J.C. with a number of compensatory therapy sessions. *Id.* at 35.

No one appears to dispute that J.C. is entitled to weekly occupational therapy, but the Department disputes whether that therapy is medically necessary.  The Department is responsible for providing medically necessary treatment to J.C., while the LEAs must provide treatment that is educationally necessary for the provision of a FAPE.  Cal. Gov. Code § 7575(a)(2). Because the Department disputed the ALJ's findings, and questioned whether the ALJ had authority to make them, the Department filed a petition with the Superior Court of Santa Clara County asserting that the ALJ "exceeded its jurisdiction, committed prejudicial abuse of discretion, and failed to proceed in a manner required by law." Dkt. No. 4 at 8.  The petition seeks a writ of administrative and ordinary mandamus and declaratory relief.

## II. ANALYSIS

### A. Legal Standard

Parents removed the case to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "aris[es] under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28 (1983).

### B. Unanimity Requirement

The Department's first argument is that because neither the Respondent, the Director of the California Office of Administrative Hearings, nor either of the other two Real Parties, the LEAs, have joined in the notice of removal, it is procedurally defective. Dkt. 15 at 10; 28 U.S.C. § 1446(a). Parents' respond that these parties are only nominal parties, who are not required to join in a notice of removal, citing *Hewitt v. City of Stanton*, 798 F. 2d 1230, 1232-33 (9th Cir. 1986). Parents also note that the LEA's have indicated they do not object to removal and that the OAH takes no position on the removal. Dkt. No. 18, Opposition at 4. A lack of unanimity can be cured prior to judgment, and so the court declines to remand on that basis. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (allowing a defect in unanimity to be cured prior to entry of judgment).

### C. Federal Cause of Action

The Department's petition arises under federal law if it could have been originally filed in the district court. Under the IDEA, "[a]ny party aggrieved by the findings and decision [made in a Special Education Due Process hearing], shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A); *Pedraza v. Alameda Unified Sch. Dist.*, 05-04977 CW, 2011 WL 4507111 (N.D. Cal. Sept. 29, 2011) ("[A] district court, as well as a state court, has jurisdiction to hear appeals of state agencies' decisions after hearings under the IDEA."); *but see Bay Shore Union Free School Dist. v. Kain*, 485 F.3d 730, 736 (2nd Cir. 2007) (finding that § 1415(i)(2)(A) did not give federal court jurisdiction if only issues to be decided were under state

1  education law, not IDEA).  The IDEA also requires states to have "procedures for resolving
2  interagency disputes" to be eligible for federal funding. 20 U.S.C. § 1412(a)(12)(A)(iii). In
3  California, these procedures are found in Government Code §§ 7585 and 7586, which allow a parent
4  to challenge interagency disputes in a due process hearing.  *See* Cal. Gov't Code § 7585(g).

5  In this case, Parents filed a complaint challenging the provision of J.C.'s FAPE, consistent
6  with 20 U.S.C. § 1415(b)(6)(A). This complaint initiated a Special Education Due Process hearing
7  under § 1415(f).  Parents then used California Government Code §§ 7585 and 7586 to bring both the
8  Department and the LEAs within the scope of the due process hearing.  Because the issues of
9  interagency responsibility for J.C.'s FAPE and medical needs were properly within the scope of the
10 due process hearing, the Department's civil action could have been filed in federal district court
11 under § 1415(i)(2)(A).  The Department has therefore pled a federal cause of action.

### III.  ORDER

The motion to remand is denied.

Dated: February 14, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge